# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMRO ELSAYED and LOLA SALAMAH, ) ) Plaintiffs, ) ) v. ) ) FAMILY FARE LLC, et al., ) ) Defendants. ) | 1:18CV1045 |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiffs' Motion to Amend the Scheduling Order. (See Docket Entry 32; see also Docket Entry 34 (Brief in Support); Docket Entry 35 (Defendants' Response); Docket Entry 39 (Plaintiffs' Reply).) For the reasons that follow, the Court will deny the instant Motion.

## INTRODUCTION

Plaintiffs instituted this action by filing a pro se Complaint against Defendants. (See Docket Entry 1.) Discovery "commenced u[pon] entry of the scheduling order," M.D.N.C. LR 16.1(a), on April 30, 2019 (see Text Order dated Apr. 30, 2019 (adopting Amended Joint Rule 26(f) Report (Docket Entry 11))). That scheduling order required the parties to conclude "all discovery (general and expert) [by] October 30, 2019." (Docket Entry 11 at 2 (bold font omitted).) Given that discovery end-date, the parties must file dispositive motions by December 2, 2019. See M.D.N.C. LR 56.1(b) (making dispositive motions due 30 days after discovery closes); see also Fed. R. Civ. P. 6(a)(3) ("[I]f the clerk's office

is inaccessible . . . on the last day for filing . . ., then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]").[1] In reliance on those deadlines, the Clerk set this case for trial during the July 2020 Civil Master Calendar term. (See Docket Entry 28.)

Counsel appeared for Plaintiffs on October 14, 2019 (i.e., 16 days before discovery ended). (See Docket Entry 30.) Plaintiffs filed the instant Motion on November 14, 2019 (i.e., 15 days after discovery ended), requesting "exten[sions of] the discovery deadline . . ., the deadline for filing dispositive motions . . ., and the trial date . . . by three additional months each <u>for the following reasons</u>" (Docket Entry 32 at 1 (emphasis added)):

1. Plaintiffs recently retained counsel in this matter for the first time two weeks before the discovery deadline, on October 14, 2019.

2. Plaintiffs' counsel, because of her recent entry in this matter, did not have a reasonable chance to assess the sufficiency of previously completed discovery or the need for further discovery prior to the discovery deadline.

3. Plaintiffs' counsel needs more time to effectively assess the need for and prepare dispositive motions.

4. Plaintiffs' counsel needs more time to effectively prepare the case for trial.

---

1 In extended observation of the Thanksgiving holiday, the Clerk's Office will not operate on Friday, November 29, 2019, the date falling 30 days after the close of discovery.

(Id. at 1-2; see also id. at 2 ("The reasons listed above constitute good cause for modifying the Scheduling Order.").)[2]

DISCUSSION

As Defendants' Response observes (see Docket Entry 35 at 4), this Court's Local Rules mandate that "[m]otions seeking an

---

[2] Plaintiffs's Reply presents two new reasons the Court should grant the instant Motion. First, the Reply cites "the fact that there is a pending Motion for Leave to File Supplemental Pleading . . . ." (Docket Entry 39 at 2 (citing Docket Entry 21).) Second, the Reply asserts that (A) "Plaintiffs moved this Court for an order extending the discovery deadline prior to the expiration of that deadline in their Motion to Compel" (id. at 4 (citing Docket Entry 26 at 6 (requesting, in conclusory fashion, "exten[sion of] the time of discovery period"))), (B) the Court's "Order on the Motion to Compel, denying th[at] request . . . was not entered until October 31, 2019" (id. (referring to Docket Entry 31 at 16 n.5)), and (C) "[c]ounsel for [] Plaintiffs could not move again to extend the discovery deadline, for newly developed reasons, until there was a ruling on Plaintiffs' previous Motion [to Compel]" (id.; see also id. at 6 ("[Plaintiffs' counsel] was barred from [filing the instant Motion] by the pending [M]otion [to Compel].")). Plaintiffs made no such arguments in either their instant Motion or Brief in Support. (See Docket Entries 32, 34.) "Members of this Court . . . have consistently held that reply briefs may not inject new grounds and that an argument that was not contained in the main brief is not before the Court." Tyndall v. Maynor, 288 F.R.D. 103, 108 (2013) (internal brackets, ellipses, and quotation marks omitted) (citing Triad Int'l Maint. Corp. v. Aim Aviation, Inc., 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006), recommendation adopted, id. at 668, and Jarvis v. Stewart, No. 1:04CV642, 2005 WL 3088589, at *1 (M.D.N.C. Nov. 17, 2005) (unpublished)). Particularly given that (1) the Court can order any discovery necessitated by a supplemental pleading if/when the Court allows a supplemental pleading and (2) the Reply omits any authority for the proposition that Plaintiffs could not file the instant Motion during the pendency of their Motion to Compel (see Docket Entry 39 at 4-6), the Court will adhere to "[t]he ordinary rule . . . that an argument raised for the first time in a reply brief . . . will not be considered," Thompkins v. Key Health Med. Sols., Inc., No. 1:12CV613, 2015 WL 1292228, at *7 (M.D.N.C. Mar. 23, 2015) (internal quotation marks omitted), recommendation adopted, 2015 WL 3902340 (M.D.N.C. June 24, 2015) (unpublished).

3

extension of the discovery period . . . must be made . . . prior to the expiration of the time within which discovery is required to be completed," M.D.N.C. LR 26.1(d). Because Plaintiffs filed the instant Motion (seeking an extension of the discovery period) after the discovery deadline (which, pursuant to Local Rule 26.1(d), also operates as the deadline to request an extension of the discovery period), Defendants rightfully have argued that Plaintiffs must "satisfy the excusable neglect requirement of [Federal] Rule [of Civil Procedure] 6" (Docket Entry 35 at 10 (emphasis added)). See Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").[3]

"'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). The excusable neglect inquiry remains "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay,

---

3 A timely motion to amend scheduling order deadlines requires only a showing of good cause. See Fed. R. Civ. P. 6(b)(1); Fed. R. Civ. P. 16(b)(4).

including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id.

According to the instant Motion, "[g]iven the recent date at which Plaintiffs' counsel entered her appearance and the lack of delay in filing th[e instant M]otion after her appearance, the tardiness of [the instant M]otion . . . is a result of excusable neglect."  (Docket Entry 32 at 2; see also Docket Entry 34 at 5 ("Plaintiffs should be granted an extension of the discovery deadline . . . because the appearance of an attorney two weeks before the deadline caused th[e instant M]otion to be filed after the discovery deadline, and this constitutes excusable neglect." (bold font omitted)).) "[T]he Court finds no . . . excusable neglect based on [Plaintiffs'] previous pro se status or [their] failure to retain counsel in a timely fashion.  [They] had every opportunity to retain counsel to represent [them] throughout this litigation . . . . [Their] own decision to proceed pro se does not entitle [them] to ignore [deadlines] . . . ." Chen v. Cayman Arts, Inc., No. 10-80236-CIV, 2012 WL 3597514, at *3 (S.D. Fla. Aug. 20, 2012) (unpublished); see also United States v. One Honda Civic, VIN: 2HGEJ6578VH549526, Green in Color, Tinted & Registered to Luis S. Pabon, No. 06CV381, 2007 WL 3171770, at *3 (W.D.N.Y. Oct. 29, 2007) (unpublished) ("[The] decision to delay retaining [an] attorney or timely acting on [one's] own behalf . . . is not excusable neglect."). Put another way, "[t]he most important of

the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to file the [instant Motion on time]," Thompson, 76 F.3d at 534, and Plaintiffs' stated "reason for th[at] delay," Pioneer, 507 U.S. at 395, i.e., their decision to wait until only 16 days remained in the six-month discovery period before retaining counsel, weighs heavily against a finding of excusable neglect, because that decision rested "within the[ir] reasonable control," id.

Plaintiffs also have insisted that "there is little danger of prejudice to [Defendants] if Plaintiffs' request to extend the lapsed discovery deadline is granted. The bulk of discovery was completed before [their] counsel entered her appearance, so any further discovery . . . will likely be minimal, although necessary and critical." (Docket Entry 34 at 7.) Plaintiffs' Reply, however, belies that argument by listing a wide array of "additional discovery [] Plaintiffs seek[]" (Docket Entry 39 at 8), including: (1) the deposition of Defendant Lee Barnes, Jr. "as to general questions about the claims in the Complaint" (id.); (2) the compelled production of unspecified "requests for production of documents and interrogatories" (id.); (3) the deposition of "Defendants' accountant to determine how Plaintiffs' commissions were calculated and how errors occurred" (id.); (4) the "designat[ion of] an expert to testify as to the legitimacy of Plaintiff [Lola] Salamah's signature on several core documents"

6

(id.); and (5) unspecified discovery arising from the depositions of Defendant Donald Pilcher and two other witnesses (id.).[4]

In light of Plaintiffs' expansive plans for further discovery, the Court agrees with Defendants that "there is prejudice that will result to Defendants if Plaintiffs are permitted to reopen discovery." (Docket Entry 35 at 12.) As an initial matter, the Court (for reasons discussed above) has concluded that Plaintiffs lack a reasonable justification for belatedly pursuing this substantial discovery and such "unwarranted delay is certainly prejudicial to Defendants," Kenion v. Town of Atl. Beach, No. 4:10CV1745, 2012 WL 1752386, at *2 (D.S.C. May 15, 2012) (unpublished) (emphasis added); see also Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990) ("Delays are a particularly abhorrent feature of today's trial practice. . . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."). Moreover, "allowing further discovery and the designation of new experts would cause . . . additional costs that would prejudice [Defendants] . . . . [Even if] the information

---

4 To the extent Plaintiffs propose to designate an expert witness and to depose fact witnesses, they missed scheduling order deadlines that fell even earlier than the discovery deadline. (See Docket Entry 11 at 2 (requiring Plaintiffs to serve expert disclosures "in support of claims by August 1, 2019"), 3 (obligating parties to complete "[d]epositions of [f]act [w]itnesses . . . by September 30, 2019").) Plaintiffs, however, have made no effort to explain the (lengthier) delays between the expiration of those deadlines and the filing of the instant Motion. (See generally Docket Entries 32, 34, 39.)

7

sought would be relevant to the issues at trial, the balance of factors weighs against allowing this additional fact and expert discovery." H/S Wilson Outparcels, LLC v. Kroger Ltd. P'ship I, No. 5:15CV591, 2018 WL 1528187, at *4 (E.D.N.C. Mar. 28, 2018) (unpublished); see also Jackson v. United Airlines, Inc., No. 3:08CV182, 2009 WL 2147840, at *2 (E.D. Va. July 15, 2009) (unpublished) ("[T]he reopening of discovery in order to secure and depose expert witnesses . . . result[s] in prejudice to the [d]efendants."); Plotkin v. Association of Eye Care Ctrs., Inc., 710 F. Supp. 156, 159 (E.D.N.C. 1989) ("The reopening of discovery . . . would lead to additional delay and expense . . . and is a recognized source of prejudice to the opposing party.").[5]

---

5 In their Brief in Support of the instant Motion, Plaintiffs contended that the Court should find no prejudice in this case, because "this Court has previously merely accepted a [p]laintiff's 'bald assertion that "no party would be prejudiced by the brief extension requested."'" (Docket Entry 34 at 7 (quoting Graves v. Wells Fargo Bank, N.A., No. 1:14CV398, 2014 WL 3797409, at *3 (M.D.N.C. Aug. 1, 2014) (unpublished)) (internal brackets omitted).) That contention falls short, because (in Graves) the Court expressly "accept[ed the p]laintiff's bald assertion" regarding lack of prejudice only "[f]or purposes of th[e] discussion" in that case. Graves, 2014 WL 3797409, at *3; see also id. ("Similarly, the Court will deem the length of delay by [the p]laintiff brief and the possible impact of that delay on judicial proceedings minimal (again for purposes of this discussion only)."). Further, after assuming the first two Pioneer factors favored the plaintiff in Graves, the Court: (A) found that the final two Pioneer factors disfavored that plaintiff, id.; (B) noted (i) that "the Fourth Circuit has declared that the third *Pioneer* factor weighs most heavily in the balance," id. at *4 (citing Thompson, 76 F.3d at 534), (ii) that "other courts have recognized that 'the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule,'" id. (quoting Silivanch
(continued...)

8

In sum, the Court cannot find excusable neglect here because, assuming Plaintiffs have acted in good faith (such that the fourth Pioneer factor favors them), but see Graves v. Wells Fargo Bank, N.A., No. 1:14CV398, 2014 WL 3797409, at *3 (M.D.N.C. Aug. 1, 2014) (unpublished) ("Consciously ignoring a deadline does not constitute good faith conduct."), the first three Pioneer factors (including the most important) all tilt decidedly against Plaintiffs, in that the proposed extension of the discovery period (1) would prejudice Defendants' legitimate interests in (A) avoiding significant, additional expense, as well as in (B) maintaining the agreed-upon and judicially-sanctioned end-point for this case, and (2) would cause delay of unreasonable length under the circumstances, including most importantly (3) the absence of a palatable reason for Plaintiffs' untimely filing of the instant Motion.[6]

---

5(...continued)
v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003)), as well as (iii) that "the Supreme Court has indicated that courts should construe the excusable neglect standard in a fashion that deters 'parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve,'" id. (quoting Pioneer, 507 U.S. at 395); and (C) "conclude[d] that [the p]laintiff [in Graves] ha[d] failed to show excusable neglect," id. Read with the benefit of that context, Graves does not aid Plaintiffs' position in this case, but instead actually supports denial of the instant Motion.

6 Plaintiffs' original argument for extending the dispositive motions deadline and continuing the trial date rests entirely on their receipt of an extension of the discovery deadline. (See, e.g., Docket Entry 34 at 5 ("If the discovery extension is granted, then the subsequent requested deadline extensions, for dispositive motions and trial, will be necessary to allow both sides to adequately prepare in light of any additional discovery that may be
(continued...)

CONCLUSION

The record does not establish excusable neglect under Federal Rule of Civil Procedure 6(b)(1) for Plaintiffs' belated request to extend the discovery deadline and/or good cause under Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4) for any extension of the dispositive motions deadline and/or the trial date.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 32) is **DENIED**.

>                             /s/ L. Patrick Auld
>                          **L. Patrick Auld**
>                   **United States Magistrate Judge**

November 26, 2019

---

6(...continued)
completed.").)  Because the Court will not extend discovery, it follows that good cause does not exist under Federal Rules of Civil Procedure 6(b)(1) and/or 16(b)(4) to modify the dispositive motions deadline and/or the trial date. See generally Halpern v. Wake Forest Univ. Health Scis., 268 F.R.D. 264, 274 (M.D.N.C. 2010) ("[T]he judges of this Court consistently enforce case management deadlines to ensure that trials take place as scheduled."). Plaintiffs' recent filing of an "Amendment" to the instant Motion (Docket Entry 42) does not alter that conclusion. That Amendment "(1) [proposes] an additional argument in support of [the instant Motion] solely as it pertains to the[] request to extend the trial date and (2) submi[ts Plaintiffs'] signatures pursuant to Local Rule 40.1(b)."  (Id. at 1.)  The submission of Plaintiffs' signatures does not remedy the above-described lack of good cause for continuing the trial. As to Plaintiffs' "additional argument" (id.), i.e., "that Plaintiff Amro Elsayed . . . plans to take the law examination for [a]dmission to the Vermont Bar on July 28-29, 2020" (id.), the Court first notes that "an argument that was not contained in the main brief is not before the Court," Tyndall v. Maynor, 288 F.R.D. 103, 108 (2013) (internal brackets, ellipsis, and quotation marks omitted).  In any event, because the July 2020 Civil Master Calendar term "begin[s] on July 6, 2020 . . . and will continue until all the cases on the calendar have been tried" (Docket Entry 28 at 1 (bold font omitted)), Plaintiff Elsayed's plans for July 28 and 29, 2020, do not require a continuance.