IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA

AMRO ELSAYED and    )
LOLA SALAMAH (H/W),   )
           )
  Plaintiffs,     )   CIVIL ACTION NO. 1:18-CV-01045
           )
   v.      )
           )
FAMILY FARE LLC, and   )
M.M. FOWLER, INC., and   )
LEE BARNES, JR., individually and )
as President of FAMILY FARE LLC, )
and M.M. FOWLER, INC., and  )
DONALD PILCHER, individually,  )
           )
  Defendants.    )
           )

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 59(a), 59(e) and 60(b) MOTION FOR RELIEF AND FOR NEW TRIAL

   Family Fare, LLC, M.M. Fowler, Inc., Lee Barnes, Jr., and Donald Pilcher [collectively "Defendants"], submit this response in opposition to Plaintiffs' Rule 59(a), 59(e) and 60(b) Motion for Relief and for New Trial ["Plaintiffs' Motion"] [DE-124] pursuant to Local Rules 7.2 and 7.3 (M.D.N.C.).

## ARGUMENT

### I. Plaintiffs do not have a basis for relief pursuant to Rules 59(a), 59(e) or 60(b).

   Plaintiffs' Motion is based on their contention that the Court committed clear legal error in granting Defendants' Rule 52(c) Motion for Judgment on Partial Findings. Plaintiffs contend the Court erred in holding they did not have standing to bring their

1

wrongful eviction claims (and the unfair and deceptive trade practice claim arising out of the wrongful eviction claim) against the Defendants.[1]

Plaintiffs' Motion is flawed and should be denied. As a starting point, Plaintiffs' Motion ignores the fact that the Court's dismissal of Plaintiffs' wrongful eviction and unfair and deceptive trade practice claim pursuant to Rule 52(c) was not limited only to a dismissal on the grounds of standing. Rather, in its ruling, the Court specifically stated that (i) Mr. Elsayed's evidence on medical bills is insufficient as a matter of law to prove those purported damages were proximately caused by the wrongful eviction [Transcript p. 29, lines 16-19][2], (ii) even if Plaintiffs were the proper plaintiffs their evidence is insufficient to connect alleged economic damages to the wrongful eviction and they have not been proven beyond a speculative amount [Transcript pp. 29-30, line 23(29)-line 5(30)], and

---

[1] Plaintiffs also assert that Defendants' counsel engaged in misconduct or misrepresentation of the law. This claim is simply without merit. As demonstrated herein, the cases cited by Plaintiffs in the present motion are not on point and are clearly distinguishable. Defendants' counsel was under no obligation at trial to make Plaintiffs' argument for them (although it is Defendants' position that Plaintiffs' argument set forth herein fails in any event) and Plaintiffs have not cited herein any law "directly adverse" to the Defendants' position in the "controlling jurisdiction" such that there was a duty to disclose to the Court pursuant to Rule 3.3 of the Rules of Professional Conduct. Plaintiffs are also wrong in their contention that Defendants misstated Plaintiffs' burden of proof to survive a Rule 52(c) motion. Defendants never stated the Court did not have "discretion to decline to render any judgment until the close of the evidence." [Plaintiffs' Brief at 17]. Instead, Defendants correctly informed the court that it was not required to consider the evidence in the light most favorable to the non-moving party as it would in a Rule 50 motion in a jury trial but should consider the case based on the preponderance of evidence. The Court agreed with this correct assessment of the law. [Transcript pp. 12-13, line 15(12)-line 4(13)].

[2] References in this brief to the "Transcript" refer to the "Partial Bench Trial Transcript of Rule 52(c) Motion and Court's Ruling" which was filed by the Court Reporter and appears at Docket Entry 126.

2

(iii) there is no evidence of conduct arising to the level of outrageous or malicious conduct that would support punitive damages. [Transcript p. 30, lines 19-22]. Accordingly, Plaintiffs' Motion contesting only the issue of standing does not provide them with the relief they seek.

Beyond that, Plaintiffs' Motion is, at its core, a request that the Court give them a second chance to make legal arguments in opposition to Defendants' Rule 52(c) motion which they had the opportunity to make during the trial on the merits. Specifically, in support of their present motion, Plaintiffs argue that persons other than the tenant in a landlord/tenant relationship can recover damages for wrongful eviction and unfair and deceptive trade practices. Plaintiffs made this argument in opposition to Defendants' Rule 52(c) motion, but despite being given an opportunity to present supporting authority at trial, Plaintiffs were unable to do so. [*See* Transcript pp. 24-25, line 17(24)-line 15(25); pp. 27-28, line 16(27)-line 3(28)].

A new trial pursuant to Rule 59(a) should not be granted because a party believes it can present a better case, or here, where Plaintiffs believe they can present a better rebuttal argument to Defendants' Rule 52(c) motion. *See Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995). The *Ball* court quotes Moore's Federal Practice which states, "A new trial may not be granted merely because the losing party may be able to present a better case in another trial." 6A James W. Moore et. al., Moore's Federal Practice §59.13[3][c] at 59-95 (3d ed. 2020). What is more, a motion for a new trial following a bench trial "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Williams v. Hous. Auth. of Raleigh*, 595 F.

3

Supp. 2d 627, 630 (E.D.N.C. 2008) (quoting Wright & Miller, Federal Practice and Procedure § 2804 (2d ed. 2005)); *see also U.S. v. Timms,* 537 F. Appx. 265, 267 (4th Cir. 2013) (stating same standard and citing foregoing authorities); *Hager v. Paul Revere Life Ins. Co.*, 489 F. Supp. 317, 321 (E.D. Tenn. 1997) (stating same standard).

Similarly, a motion to alter or amend a judgment pursuant to Rule 59(e) "does not permit a party 'to raise arguments which could have been raised prior to the issuance of the judgment.'" *Williams*, 595 F. Supp. 2d at 630 (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Nor does Rule 59(e) permit a party to argue a novel theory that a party had the ability to address in the first instance. *Pacific Ins. Co.*, 148 F.3d at 403; *see also Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (mere disagreement on legal standard does not support a Rule 59(e) motion).

What is more, the Fourth Circuit does not permit reconsideration of legal issues pursuant to Rule 60(b) when the party is, as Plaintiffs are doing here, requesting only that the court change its mind. *See, e.g.*, *CNF Constructors v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) ("'To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the [issues addressed in the district court's original order], it [is] clearly improper…'" (quoting *U.S. v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

For these reasons, Plaintiffs have not asserted proper grounds for relief pursuant to Rules 59(a), 59(e) or 60(b). Plaintiffs' Motion should be denied on this basis alone.

4

## II. Plaintiffs' cited case law does not support their contention that they have personal standing to recover damages for a wrongful eviction claim.

Here, not only do Plaintiffs seek to untimely make their legal arguments against Defendants' Rule 52(c) motion as set forth in Section I above, but none of the cases they cite in support of their current Motion demonstrate (i) that the Court's ruling was based on a manifest error of law or fact or (ii) that substantial reasons exist justifying a new trial. In fact, the cases cited by Plaintiffs are irrelevant, inapplicable and/or clearly distinguishable and do not support the proposition that someone other than a person or entity in a landlord/tenant relationship can recover damages for wrongful, forcible, self-help eviction. This is particularly true, where, as here, the landlord/tenant relationship is in the commercial context and the relationship is undisputedly governed by a written lease agreement. To demonstrate this, Defendants address and distinguish each case cited by Plaintiffs in their opening brief [DE-125] ("Plaintiffs' Brief") in support of their attempted (but denied) argument that they had standing to bring claims for damages personal to them, individually, in this litigation.

For the convenience of the Court, the cases are analyzed and distinguished below in the same order they are cited in Plaintiffs' Brief.

- *Ex'rs of Adam v. Robeson*, 5 N.C. 392 (1810) (Plaintiffs' Brief p. 4): This case is not applicable to Plaintiffs' argument given the facts of the present case. The case does not articulate any facts which would be applicable to Plaintiffs' case and it does not appear to be a landlord/tenant case.

5

- *State v. Johnson*, 18 N.C. 324 (1835) (Plaintiffs' Brief p. 4): This case is inapposite. It is not a landlord/tenant case and there is not a relationship in the nature of a landlord/tenant relationship. This may be a criminal case. The issue in the case is whether or not a person with apparent title to land who entered onto land peacefully was a trespasser and whether he had the right to retain the property by force in the face of the "prosecutor's" claim for the property.

- *Mosseller v. Deaver*, 106 N.C. 494, 11 S.E. 529 (1890) (Plaintiffs' Brief pp. 4, 5, 10): It is difficult to determine the possessory interest of the plaintiff from the actual text of the case. However, a reading of subsequent case law referencing *Mosseller* indicates there was a landlord/tenant relationship and that the plaintiff, himself, was the tenant. *See Spinks v. Taylor*, 303 N.C. 256, 261-62 (1981) ("In *Mosseller* the landlord entered the tenant's house while the tenant was present…"). The plaintiff in *Mosseller* was the tenant and was seeking to recover damages. This case, therefore, supports the Court's finding that it is the tenant who is permitted to recover damages for wrongful eviction. The case does not address "standing" in any way and this is likely because it is the actual tenant (in the residential context) who is bringing the claim against the landlord.

- *State v. Blackmon*, 36 N.C. App. 207, 243 S.E.2d 417 (1978) (Plaintiffs' Brief pp. 4-5): This is a criminal case. It does not address the right to monetary damages in a civil case. The Court does distinguish between forcible trespass and forcible entry and detainer. It states, "forcible trespass requires that the

6

complaining party be an occupant of the premises while forcible entry and detainer requires occupancy ***plus some type of estate in the land***." 36 N.C. App. at 210, 243 S.E.2d at 419 (emphasis added). This statement of the law, to the extent applicable in a civil case, supports the Court's finding that neither of the Plaintiffs have standing because they did not have any type of estate in the Reynolda Store since they were not tenants or owners of the property.

- *Higgins v. Dail*, 61 A.2d 38 (D.C. 1948) (Plaintiffs' Brief p. 5): This case supports the Court's findings. The plaintiff in the case "was a tenant of certain [residential] dwelling property." *Id*. at 39.

- *Thorley v. Pabst Brewing Co.*, 179 F. 338 (2d Cir. 1910) (Plaintiffs' Brief p. 5): This case is not applicable in any way to the facts in the present case. The dispute is between the landlord and tenant and the main thrust of the case is a survey of applicable damages for breach of the covenant of quite enjoyment under New York law.

- *Olinger v. Shepherd*, 53 Va. 462 (1855) (Plaintiffs' Brief pp. 5-6): This is not a landlord/tenant case. In this case the plaintiff is claiming title to the land either pursuant to a deed or color of title. There is no correlation between the parties in the *Olinger* case and the landlord/tenant relationship between M.M. Fowler, Inc. and Almy, LLC, on the one hand, and third parties like Elsayed and Salamah on the other hand.

- *Vance v. Ferguson*, 101 S.C. 125, 85 S.E. 241 (1915) (Plaintiffs' Brief p. 6): This is not a landlord/tenant case. This is a case about whether or not the

7

defendant had the right to enter onto plaintiff's burial lot to bury defendant's dead.

- *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 758 (4th Cir. 1990) (Plaintiffs' Brief pp. 6, 10, 19): Plaintiffs argue this case is somehow dispositive of the issue as to who has standing to bring a wrongful or forcible eviction claim, but such contention is wrong. [Plaintiffs' Motion at ¶ 3(e)]. The facts in *Dunbar* are in no way similar to the facts in the present case. *Dunbar* is not a landlord/tenant case. In *Dunbar*, the plaintiff alleges an unconstitutional seizure of possession of its land without due process in violation of the Fifth Amendment and a claim for trespass under the Federal Tort Claims Act. Further, the corporation which asserts the claims against the defendants was the owner of the property in question per a quitclaim deed. There is no correlation between the corporation's ownership interest in *Dunbar* and Elsayed's and Salamah's alleged (but denied) interest in the Reynolda Store in which the landlord/tenant relationship existed between M.M. Fowler, Inc. and Almy, LLC.

- *Daluiso v. Boone*, 71 Cal. 2d 484, 455 P.2d 811 (1969) (Plaintiffs' Brief p. 6): This case is not applicable. It is not a landlord/tenant case. The case arises out of a border dispute regarding two adjoining properties.

- *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 90 Cal. Rptr. 3d 453 (2009) (Plaintiffs' Brief p. 6): This case is clearly distinguishable from the present case. In this case the plaintiff's employer rented her a residential apartment to live in while working out of town on a

temporary work assignment.  The plaintiff's employment agreement with her employer stated that she would "be housed individually in housing provided by her employer."  On the same date the employer signed the lease it also signed a Letter of Responsibility which was sent to the landlord and identified the plaintiff as the "Occupant" of the residential apartment unit.  In addition, the form lease designates the "Residents" as "Corporate Mobile Medical Staff" and the lease extension in December 2004 identifies the plaintiff by her name. Plaintiff contended she was a third-party beneficiary of the lease agreement and under these facts the court agreed and reversed the lower court's order granting the landlord's motion for summary judgment.  These factual circumstances in the residential context are significantly different from the facts relating to Almy's commercial lease for the Reynolda Store.  Nor did the Plaintiffs here allege a third-party beneficiary claim in their complaint or in their proposed amended complaint.  With respect to her tort claims, plaintiff was found to be a "party in possession" of the residential apartment under California statutory law which does not exist in North Carolina and on the grounds that (i) she was the only person with the right to occupy the residential apartment and (ii) there was evidence that "plaintiff was housed at the apartment as part of her compensation" which the court equated to a legal equivalent of rent.  Neither of the Plaintiffs here are similarly situated to the plaintiff in the *Spinks* case.

9

- *Frisco Joes, Inc. v. Peay*, 558 P.2d 1327 (Utah 1977) (Plaintiffs' Brief p. 7): This is a case in which the actual tenants sued the landlord, a factual situation distinct from the present case. The court specifically states that the "plaintiffs Tolman [husband and wife] purchased the restaurant known as Frisco Joes" and that "the Tolmans entered into a new five year lease with [landlord]." This case supports the Court's findings.

- *Parsons v. Mo. Sav. Bank & Trust Co.*, 114 S.W.2d 203 (Mo. Ct. App. 1937) (Plaintiffs' Brief p. 7): This case is clearly distinguishable. Plaintiff took possession of a piece of property pursuant to a contract. Plaintiff was a tenant at the property subject to a rental agreement with one of defendant mortgage company's agents and had knowledge of the owner of the mortgagee. Plaintiff and the defendant mortgage company's agent agreed to lease terms, including payment, and the agent later took action to remove plaintiff.

- *Gregorio v. Hoover*, 238 F. Supp. 3d 37 (D.D.C. 2017) (Plaintiff's Brief p. 7): The *Gregorio* court, at the 12(b)(6) motion to dismiss stage, provides no discussion about what is meant when it states a "cause of action for wrongful eviction may nonetheless be available to an individual who has 'something less than some sort of tenancy.'" In fact, the court simply holds that the arrangement described in the complaint "sounds very much like a landlord-tenant" relationship. Thus, if a landlord-tenant relationship did exist the case would not support Plaintiffs' argument here that someone not in a landlord-tenant relationship has standing to sue for damages.

10

- *Almonte v. City of New York*, 166 Misc. 2d 376, 377, 636 N.Y.S.2d 261 (1995) (Plaintiffs' Brief p. 7): This case does not stand for the proposition cited by Plaintiffs at page 7 of their brief and is therefore not applicable to the present case. It does not hold that "forcibly evicted 'nontenants' have standing for a cause of action" as argued by Plaintiffs. Rather, the court holds that under New York statutory law "the common-law remedy of self-help could be used peacefully against nontenants" and that "petitioner presented no factual showing of any colorable claim to a possessory interest so as to justify a departure from the rule…"

- *P & A Bros., Inc. v. N.Y. Dep't of Parks & Rec.*, 184 A.D.2d 267, 585 N.Y.S. 2d 335 (1992) (Plaintiffs' Brief p. 7): This case is not applicable. The plaintiff corporation is the owner of a newsstand as a licensee. This action is brought against the city by the corporation, not an individual. This case has no applicability to whether or not Plaintiffs in the present case have standing.

- *Sethi v. Yaglidere*, No. CV0440030345, 2009 Conn. Super. LEXIS 2222 (Conn. Super. Ct. August 24, 2009) (Plaintiffs' Brief pp. 7-8): Plaintiffs' description of this case in their brief is not accurate and in fact this case supports the Court's findings in numerous ways. First, the court finds that there is a landlord/tenant relationship between the plaintiff father and the defendant landlord. There is considerable discussion throughout this case about how there is a landlord/tenant relationship between the plaintiff and the defendant. What is more, the court holds that while the plaintiff met his burden

11

to show that the defendant's conduct created a risk of emotional distress, the plaintiff failed to prove any emotional distress and failed to prove defendant's conduct was the cause of emotional distress. The court also held in the context of plaintiff's intentional emotional distress claim that the eviction "reflects a loose unstructured business deal gone sour, more than rising to the level of extreme outrageous behavior. This is not a situation involving a residential tenancy, where the illegal entry and detainer, placed one in the streets without the benefit of their furnishings." *Id.* at 41.

- *Robinson v. Sarisky*, 535 A.2d 901 (D.C. 1988) (Plaintiffs' Brief p. 9): This case is not applicable to the present facts. Sarisky sued Robinson for wrongful eviction. "Sarisky testified at trial that he was the record owner and occupant" of the residential building. *Id.* at 903. This case says nothing about whether a person other than the actual owner or tenant living in the residential building has standing to bring an eviction claim.

- *Oliver v. Mustafa*, 929 A.2d 873 (D.C. 2007) (Plaintiffs' Brief p. 9): This case is not applicable to the present facts. Mustafa, the actual tenant in the residential room, sued Oliver for unlawful eviction, among other things. This case says nothing about whether a person other than the actual tenant living in a residential room has standing to bring an eviction claim.

- *Nativi v. Deutsche Bank Nat'l Trust. Co.,* 223 Cal. App. 4th 261, 167 Cal. Rptr. 3d 173 (2014) (Plaintiffs' Brief p. 9): This case is not applicable to the present facts. The case deals with California statutory law and holds that the bona fide

12

tenants under a lease and the landlord's successor in interest have a landlord/tenant relationship. The actual tenant is the plaintiff. This case says nothing about whether a person other than the actual tenant has standing to bring a claim.

- *Ginsberg v. Gamson*, 205 Cal. App. 4th 873, 141 Cal. Rptr. 3d 62 (2012) (Plaintiffs' Brief p. 10): This case is not applicable to the present facts. Ginsburg, the actual commercial tenant, "entered into a commercial lease with [defendants' predecessor]." 205 Cal. App. 4th at 879, Cal. Rptr. 3d at 66. This case says nothing about whether a person other than the actual commercial lessee has standing to bring a claim.

- *Filby v. Gaden*, 275 A.D. 847, 88 N.Y.S. 2d 782 (1949) (Plaintiffs' Brief p. 10): This case is not applicable to the present facts. The actual residential tenant brought the action against the landlord. The case says nothing about whether someone other than the actual tenant has standing to bring a claim.

- *Main v. Levine*, 189 Okla. 564, 118 P.2d 252 (1941) (Plaintiffs' Brief p. 10): This case is not applicable to the present facts. The actual residential tenants brought the action against the landlord. The case says nothing about whether someone other than the actual tenant has standing to bring a claim.

- *Steed v. Fed. Nat'l Mortg. Corp.*, 301 Ga. App. 801, 689 S.E.2d 843 (2009) (Plaintiffs' Brief p. 10): This case supports the Court's ruling in granting Defendants' Rule 52(c) motion. Here, the court granted summary judgment in favor of defendants on plaintiff's wrongful eviction, trespass and negligence

13

claims because the plaintiff was found not to be a tenant at sufferance, but an intruder. Since a landlord-tenant relationship did not exist, defendants were not required to initiate a dispossessory action prior to removing the plaintiff from the premises and plaintiff's wrongful eviction claim fails.

- *Entelman v. Hagood*, 95 Ga. 390,22 S.E. 545 (1894) (Plaintiffs' Brief p. 10): This case is not applicable to the present facts. The actual residential tenant brought the action against the landlord. The case says nothing about whether someone other than the actual tenant has standing to bring a claim.

- *Lanier v. Kelly*, 6 Ga. App. 738, 65 S.E. 692 (1909) (Plaintiffs' Brief p. 10): This case is not applicable. The tenant's wife sued the residential landlord for trespass arising from the eviction. The court directed a verdict for the landlord. The court specifically stated that because the eviction was proper, "[i]t is unnecessary for us to decide in this case whether in any event the wife of a tenant would have a cause of action against the landlord [where the residential eviction was not unlawful]." *Id*. at 693. This case does not support Plaintiffs' contentions in their motion.

Therefore, since all of the cases cited by Plaintiffs in support of their argument that they have personal standing as individuals to recover damages from the wrongful eviction are irrelevant, inapplicable, or clearly distinguishable, Plaintiffs have failed to meet their burden to demonstrate that the Court's ruling that they lacked standing was based on a manifest error of law or that there are substantial reasons for their requested relief. In fact, numerous cases cited by Plaintiffs support the Court's ruling that a person not in a

14

landlord/tenant relationship does not have standing, including *Mosseller v. Deaver*, *State v. Blackmon*, *Higgins v. Dail*, *Frisco Joes, Inc. v. Peay*, *Sethi v. Yaglidere*, and *Steed v. Fed. Nat'l Mortgage Corp.* The Court's dismissal of Plaintiffs' wrongful eviction claim in its ruling on Defendants' Rule 52(c) motion should therefore stand, and Plaintiffs' Motion should be denied.

### III. Plaintiffs' unfair and deceptive trade practice cases also fail to support their argument that they have personal standing to recover monetary damages.

Finally, Plaintiffs' argument that the court erred in not permitting them to recover for alleged personal damages under their Unfair and Deceptive Trade Practice claim also fails. First, the Plaintiffs' argument is based on the flawed premise that "[t]he Court also found that Defendants forcibly evicted Plaintiffs which was the proximate cause of the Plaintiffs' injuries at trial. Plaintiffs' claims was [sic] dismissed only on the grounds that Plaintiffs lacked standing." [Plaintiffs' Brief p. 12]. This is an inaccurate statement of the Court's ruling in granting Defendants' Rule 52(c) motion. [*See, e.g.*, Transcript cites pp. 2-3 above]. In the face of this very argument made by Plaintiffs regarding their individual standing under the unfair and deceptive trade practice statute the Court dismissed the unfair and deceptive trade practice claim as it flowed out of the wrongful eviction claim. [Transcript p. 28, lines 9-14].

Second, Plaintiffs have not cited to the court any case supporting their contention that they are a proper plaintiff under North Carolina's unfair and deceptive trade practice statute. The cases cited by Plaintiffs are not applicable to the present facts or are distinguishable as follows:

15

- *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981) (Plaintiffs' Brief p. 13): This case does not address the scope of the "any person" language in the UDTPA statute and therefore does not support Plaintiffs' contention that they have standing as non-tenants to bring a UDTPA claim. The crux of the case is whether "bad faith" is an essential element of a UDTPA claim. Moreover, the plaintiffs in this case were individuals whose claims related to a direct personal or household transaction and the individuals themselves were the actual residential lessees of the property, which is clearly distinguishable.

- *Sunbelt Rentals, Inc. v. Head & Engquist Equip., LLC*, 174 N.C. App. 49, 620 S.E. 2d 222 (2005) (Plaintiffs' Brief p. 13): Likewise, this case also does not address the scope of individuals that have standing to bring a UDTPA claim. Instead, this case focuses on the type of damages that a plaintiff may recover under a UDTPA claim. Here, the parties in the lawsuit are corporate competitors in a trade secret misappropriation case. This case does not support Plaintiffs' contention that they have standing to bring a UDTPA claim based on the wrongful eviction allegations in their complaint.

- *Richardson v. Bank of Am., N.A.*, 182 N.C. App. 531, 643 S.E. 2d 410 (2007) (Plaintiffs' Brief p. 13): The court in *Richardson* also does not address the standing issue or support Plaintiffs' contention that they have standing as non-tenants to bring a UDTPA claim. Here, the plaintiffs' claims related to a personal mortgage transaction and they sued their bank regarding a matter related to the

16

mortgage transaction. This case does not address the scope of the "any person" language in the UDTPA statute that Plaintiffs rely on in their brief.

- *Bernard v. Cent. Carolina Truck Sales, Inc.*, 68 N.C. App. 228, 314 S.E.2d 582 (1984) (Plaintiffs' Brief p. 13):  Like other cases cited above, this case relates to a personal household transaction, specifically the purchase of a tractor, and the lawsuit is between the buyer and seller of the tractor. This case does not address the scope of the "any person" language in the UDTPA statute.  In fact, Plaintiffs cite a section of the case discussing the measure of UDTPA damages which is not relevant. This case is distinguishable and does not support Plaintiffs' position that they are proper plaintiffs under the UDTPA.

- *Spartan Leasing, Inc. v. Pollard*, 101 N.C. App. 450, 400 S.E.2d 476 (1991) (Plaintiffs' Brief p. 13): This case relates to a factual scenario distinct and different from the present case. Specifically, it is a dispute regarding a lease for a logging skidder whereby the lessor sought recovery for non-payment under the lease from the lessee and the guarantor and the guarantor filed a UDTPA counterclaim alleging the lessor made misrepresentations in connection with the guaranty agreements. It does not address the scope of the "any person" language in the UDTPA statute such that Plaintiffs can rely on this case in support of their contention that they have individual standing for a UDTPA claim based on wrongful eviction.

- *Aesthetic Facial & Ocular Plastic Surgery Ctr., P.A. v. Zaldivar*, 264 N.C. App. 260, 826 S.E.2d 723 (2019) (Plaintiffs' Brief p. 13): This case also is factually

distinct and distinguishable because it relates to a purported breach of a physician non-compete and non-disclosure agreement. Additionally, like many of the other cases cited by Plaintiffs, it does not address the scope of the "any person" language in the UDTPA statute.

- *Hyde v. Abbott Labs., Inc.*, 123 N.C. App. 572, 473 S.E. 2d 680 (1996) (Plaintiffs' Brief p. 14): This case does not support Plaintiffs' contention because it only specifically addresses the narrow question of whether the UDTPA statute allows suit by an indirect purchaser from a manufacturer or service provider. These facts do not align with Plaintiffs' facts and is a factual scenario distinct from the present case as it involves consumer purchase of a manufactured product (baby formula).

- *Walker v. Fleetwood Homes of N. C., Inc.*, 362 N.C. 63, 653 S.E. 2d 393 (2007) (Plaintiffs' Brief p. 14): Like several cases already cited by Plaintiffs, this case involved a consumer transaction for the purchase of a mobile home. The Court's discussion of the "any person" language in the UDTPA statute was framed by a fact scenario which was a consumer purchase transaction. This is very different from the fact scenario in Plaintiffs' UDTPA claim in this case and the case does not support Plaintiffs' contention.

- *Williams v. Kusnair's Bar & Tavern*, 288 F. App'x. 847 (3d Cir. 2008) (Plaintiffs' Brief p. 15): As Plaintiffs' Brief points out, this case dealt with the Pennsylvania UDTPA statute, not North Carolina's UDTPA statute. Accordingly, it does not support Plaintiffs' contention regarding the scope of

18

North Carolina's UDTPA statute. However, it also is distinguishable because it is the residential tenant asserting the unfair trade practice claim. This case does not support the contention in Plaintiffs' Brief at page 15 that someone other than a tenant can bring a UDTPA claim for wrongful eviction. Plaintiffs' characterization of this case in their brief is incorrect.

As can be seen above, none of the unfair and deceptive trade practices cases cited by Plaintiffs support their argument that they have personal standing to recover for damages arising out of the wrongful eviction claim. The Court's dismissal of Plaintiffs' unfair and deceptive trade practice claim in its ruling on Defendants' Rule 52(c) motion should therefore stand, and Plaintiffs' Motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Rule 59(a), 59(e) and 60(b) Motion for Relief and for New Trial.

Respectfully submitted this the 23rd day of March, 2021.

/s/William S. Cherry III_____
William S. Cherry III, NCSB # 33860
Jessica B. Vickers, NCSB # 44873
MANNING, FULTON & SKINNER, P.A.
  *Attorneys for All Defendants*
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619
Telephone:    (919) 787-8880
Facsimile:      (919) 325-4604
cherry@manningfulton.com
vickers@manningfulton.com

19

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

Pursuant to L.R. 7.3(d)(1), the undersigned counsel certifies that, as reported by word processing software, the foregoing Response complies with the applicable word limitation and does not exceed 6,250 words.

Date: March 23, 2021

/s/William S. Cherry III

## CERTIFICATE OF SERVICE

This is to certify that a copy of the ***Defendants' Response in Opposition to Plaintiffs' Rule 59(a), 59(e) and 60(b) Motion for Relief and for New Trial*** has been filed electronically with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing, addressed as follows:

Amro Elsayed
Lola Salamah
2615 Wyman Road
Winston-Salem, NC 27106
amroelawady@gmail.com
lolasalamah@gmail.com

*Pro Se Plaintiffs*

This the 23rd day of March 2021.

/s/William S. Cherry, III
William S. Cherry III, NCSB # 33860
Jessica B. Vickers, NCSB # 44873
MANNING, FULTON & SKINNER, P.A.
  *Attorneys for All Defendants*
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619
Telephone:   (919) 787-8880
Facsimile:    (919) 325-4604
cherry@manningfulton.com
vickers@manningfulton.com